# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| GLORIA BARBER, ) | Civil Action No. 3:05-CV-03405-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| COLUMBIA COLLEGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On December 6, 2005, Plaintiff Gloria Barber ("Plaintiff") filed this action against her former employer, Defendant Columbia College ("Defendant"), alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. Plaintiff also asserted state law claims for grossly negligent/reckless conduct and negligent supervision.[1] On October 6, 2006, Defendant filed a motion for summary judgment. See Fed. R. Civ. P. 56. Plaintiff responded to Defendant's motion on October 26, 2006, and Defendant replied on November 6, 2006. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation. The Magistrate Judge filed a Report and

---

[1] Plaintiff concedes these claims are barred because they must be asserted under the South Carolina Worker's Compensation Act. Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, 4-5.

1

Recommendation on June 28, 2007. The Magistrate Judge determined, among other things, that Plaintiff (1) did not make out a prima facie case of failure to accommodate under the ADA; (2) did not make out a prima facie case of disparate treatment under Title VII; (3) failed to establish a claim for hostile work environment; and (4) failed to establish a prima facie case of retaliation. Accordingly, the Magistrate Judge recommended that Defendant's motion be granted. On July 16, 2007, Plaintiff objected to the Magistrate Judge's Report, and on August 2, 2007, Defendant responded to Plaintiff's objection.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portion of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are set forth fully in the Magistrate Judge's report. Briefly, Plaintiff, who is African-American, was hired as a housekeeper by Defendant in 1986. (Ricker Aff. Para. 10). Plaintiff's essential job functions involved fundamentally physical tasks, including dusting, mopping, vacuuming, and moving furniture, among other custodial duties. (Pl. 1st Dep. 141-142). In 1997, Gaby Hickman ("Hickman"), who is Caucasian, became Plaintiff's supervisor. Plaintiff claims that Hickman did not like her. (Pl. 1st Dep. 75, 96).

In 1999, Plaintiff fell at work and injured her right hand, which required surgery and an approximately six-month leave of absence. (Pl. 1st Dep. 58-59). In early July 2003, Plaintiff injured her left arm at work. (Pl. 2nd Dep. 24-25). On July 14, 2003, Plaintiff's physician restricted her from pushing and pulling more than five pounds and lifting and carrying more than two pounds. (Def. Ex. 1). On September 30, 2003, Plaintiff's physician revised Plaintiff's restrictions so as to allow her to push and pull no more than eight pounds and lift and carry no more than one pound. (Def. Ex. 2). In December 2003, Plaintiff's physician again revised her restrictions, limiting her to pushing and pulling no more than fifteen pounds and lifting and carrying no more than five pounds. (Def. Ex. 3). Plaintiff's physician approved her for return to regular duty on January 2, 2004. Id. On March 16, 2004, Plaintiff's physician re-imposed Plaintiff's physical restrictions, limiting her to pushing or pulling no more than fifteen pounds and lifting or carrying no more than four pounds. (Def. Ex. 5). Plaintiff continued to work during this time. However, she asserts that Hickman violated the physician's restrictions by giving her more, rather than less, work to do. (Pl. Dep. 61-62, 66, 142, 185-186). Plaintiff complained to the Columbia College pastor; Bob Waites, Defendant's Vice President; and Tom Battenhouse, Hickman's supervisor. (Pl. 2nd Dep. 62). According to Plaintiff, Hickman failed to accommodate her injuries because Plaintiff is African-American. (Pl. Dep. 69, 73, 74).

On March 22, 2004, Plaintiff was informed that she was being terminated. (Pl. Ex. 3). On March 25, 2004 and April 1, 2004, Plaintiff wrote letters to Dr. Caroline Whitson, President of Columbia College, protesting her termination. Dr. Whitson reinstated Plaintiff in April 2004, contingent upon certain conditions. (Def. Ex. 18). On May 18, 2004, Plaintiff's physician revised her physical restrictions to limit Plaintiff to permanent light duties, with no lifting or pulling more

3

than fifteen pounds, no lifting or carrying more than eight pounds, and no repetitive lifting of any weight. (Def. Ex. 6). According to Plaintiff, Hickman continued to disregard Plaintiff's restrictions by giving her extra work. (Pl. 2nd Dep. 26-27). On August 20, 2004, Plaintiff's physician restricted her from lifting more than five pounds and bending or using her back.[2] (Def. Ex. 7).

Citing the severity of Plaintiff's physical limitations, Defendant concluded it could no longer employ Plaintiff. (Ricker Aff. Para. 45). Defendant placed Plaintiff on a twelve week leave of absence, pursuant to the Family and Medical Leave Act ("FMLA"). At the end of Plaintiff's FMLA leave, Defendant extended her leave of absence by three months, pursuant to Defendant's medical leave policy.

On January 31, 2005, Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission ("SCHAC") and the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of her race and disability, as well as retaliation for exercising her rights under the ADA. On February 23, 2005, Defendant extended Plaintiff's leave of absence through March 9, 2005. (Ricker Aff. Para. 48). On February 24, 2005, Plaintiff's physician concluded that Plaintiff was injured "for life" and unable to perform her essential job functions. (Def. Ex. 9). Plaintiff's physician further stated that returning to the workplace would pose a direct threat to Plaintiff's health and safety. Id. On May 23, 2005, after granting Plaintiff an additional extension of her leave of absence, Defendant terminated Plaintiff. (Def. Ex. 11).

---

[2] On September 3, 2004, Plaintiff's physician modified her restrictions once again, limiting her to lifting no more than ten pounds and bending only occasionally. Defendant claims this medical report was not produced in discovery but was made available for the first time as an attachment to the Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

4

II. DISCUSSION

Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving part makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. Id. Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. McKinney v. Bd. of Trustees of Mayland Cmty. College, 955 F.2d 924, 928 (4th Cir. 1992).

A. Plaintiff's ADA Claims[3]

The Magistrate Judge found Plaintiff's failure to accommodate claim insufficient for two reasons: (1) she could not perform the essential functions of her job with reasonable accommodation after August 20, 2004, when her physician restricted her from using her back or bending; and (2)

---

[3] Plaintiff does not object to the Magistrate Judge's finding that she failed to establish a claim for wrongful termination. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

throughout the course of Plaintiff's employment,[4] Defendant had reasonably accommodated her disability. Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff failed to establish a prima facie case for failure to accommodate a disability under the ADA. The court disagrees.

In order to establish a case for failure to accommodate a disability under the ADA, a plaintiff must establish four elements by a preponderance of the evidence: (1) she was an individual with a disability under the meaning of the statute; (2) her employer had notice of her disability; (3) she could perform the essential functions of her job with reasonable accommodation; and (4) her employer failed to make such accommodation. See Rhoads v. F.D.I.C., 257 F.3d 373, 387 n.11 (4th Cir. 2001).

As to the first finding, Plaintiff, in her objections to the Magistrate Judge's Report, presented evidence of a September 3, 2004 medical evaluation that cleared her for work, indicated her back was improving, and eased her physical restrictions. Plaintiff's Objection Attachment #4. It would appear that Plaintiff could have performed her essential job functions after September 3, 2004 with reasonable accommodation. However, Defendant never received notice of the September 3, 2004 medical report.[5] An employer cannot reasonably accommodate an alleviated disability of which it

---

[4] For the purposes of Title VII and ADA analysis, the Magistrate Judge considered only Plaintiff's allegations of unlawful activity occurring on or after April 6, 2004, three hundred days prior to the filing of her Charge of Discrimination with SCHAC. Any prior acts would be time-barred. See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117.

[5] Defendant claims the report was not produced in discovery but was made available for the first time as an attachment to the Plaintiff's objections. Plaintiff has not rebutted Defendant's contention.

has not received notice. See Hedberg v. Indiana Bell Telephone Co., Inc., 47 F.3d 928, 932-34 (7th Cir. 1995) ("The ADA does not require clairvoyance.").[6]

As for Defendant's duty of reasonable accommodation prior to Plaintiff's August 20, 2004 medical report, Plaintiff argues that Defendant's "light duty" assignments did not accommodate her disabilities, but only exacerbated them. Specifically, Plaintiff argues that her April 2004 reassignment from performing custodial duties in Allison Hall to dusting books in the library subjected her to increased physical strain. However, as discussed in the Magistrate Judge's Report, Plaintiff's essential job functions consisted of fundamentally physical demands, such as dusting, mopping, vacuuming, and moving furniture. (Pl. 1st Dep. 141-142). Plaintiff's assignment to dust books in the library was consistent with these essential job functions. Defendant's duty of reasonable accommodation consisted of the obligation to "enable the [employee] to perform [her] essential job] functions." Hall v. U.S. Postal Serv., 857 F.2d 1073, 1078 (6th Cir. 1988) (quoting School Bd. of Nassau Cty. v. Arline, 480 U.S. 273, 288 n.17 (1987)) (emphasis in original). This duty did not require Defendant to relieve Plaintiff of any of the essential physical demands of her position, which included dusting. See Gilbert v. Frank, 949 F.2d 637, 642 (2d Cir. 1991) (holding that although "reasonable accommodation" may include modification of facilities, work schedules, work equipment, or some job restructuring, it does not mean elimination of any of the job's essential

---

[6] For an employer to be liable under the ADA for failure to accommodate an employee's disability, the employee must request accommodation from the employer and participate in an "interactive process" with the employer to arrive at a suitable accommodation. See, e.g., Tullos v. City of Nassau Bay, 137 F. App'x 638, 646 (5th Cir. 2005); Bartee v. Michelin N. Am., Inc., 374 F.3d 906, 916 (10th Cir. 2004); Conneen v. MBNA Am. Bank, N.A., 334 F.3d 318, 329-30 (3d Cir. 2003); Wells v. BAE Sys. Norfolk Ship Repair, 483 F. Supp. 2d 497, 511 (E.D. Va. 2007).

functions). Rather, "an employer is required by regulation[7] to reasonably accommodate an employee's handicap so as to enable him to perform the functions of the position he currently holds." Guillot v. Garrett, 970 F.2d 1320, 1327 (4th Cir. 1992) (emphasis in original). The Magistrate Judge did not err in finding that Defendant reasonably accommodated Plaintiff's disabilities. Plaintiff's objections are without merit.

B. Plaintiff's Title VII Claims

   *1. Disparate Treatment*

The Magistrate Judge found that Plaintiff failed to establish her prima facie case of disparate treatment on the basis of her race because she did not produce sufficient evidence that she was subjected to less favorable treatment than coworkers of other races. The prima facie case for a disparate treatment claim under Title VII requires a plaintiff to show that: (1) she is a member of a protected class, (2) she was qualified for her job and her performance was satisfactory, (3) despite her qualifications she suffered an adverse employment action, and (4) other employees outside the protected class were treated more favorably. Love-Lane v. Martin, 355 F.3d 766, 787 (4th Cir. 2004).

Plaintiff's objection to the Magistrate Judge's disparate treatment analysis is focused mainly on persuading the court to extend its prior ruling in Anthony v. South Carolina Dep't of Corrections, No. 05-1636, 2007 WL 1032440 (D.S.C. March 30, 2007), to stand for the proposition that "Plaintiff need only show similar conditions and a difference of treatment by the [Defendant] toward someone

---

[7] ADA regulations provide: "Reasonable accommodation may include: (1) Making facilities used by employees readily accessible to and usable by handicapped persons, and (2) job restructuring, part-time or modified work schedules, acquisition or modification of equipment or devices, the provision of readers or interpreters, and other similar actions." 45 C.F.R. § 84.12(b).

8

not in Plaintiff's protect [sic] group." Plaintiff's Objections, 11. However, Plaintiff has misread Anthony. In Anthony, this court adopted the analytical framework laid out in Moore v. Charlotte, 754 F.2d 1100 (4th Cir. 1985), to analyze the disparate discipline allegation of an employee charged with gross negligence and falsification of official inspection reports. 2007 WL 1032440. The disparate disciplinary scheme is typically invoked where the plaintiff employee has been disciplined for an act of misconduct outside the realm of merely poor job performance. See Forrest v. Transit Mgmt. of Charlotte, Inc., No. 06-2245, 2007 WL 2348698 (4th Cir. August 15, 2007) (employee disciplined for a physical altercation with a coworker); Moore, 754 F.2d 1100 (police officer demoted for fixing tickets); Jenks v. City of Greensboro, 495 F. Supp. 72d 524 (M.D.N.C. 2007) (firefighter terminated because she assaulted a civilian). Plaintiff has not raised an issue of disparate discipline. Therefore, the Magistrate Judge did not err in applying the traditional disparate treatment standard. See Love-Lane v. Martin, 355 F.3d 766, 787 (4th Cir. 2004).

Plaintiff's only factual objections to the Magistrate Judge's findings reiterate the arguments made in her Memorandum in Opposition to Summary Judgment regarding two Hispanic coworkers Plaintiff believes were granted more favorable treatment. However, Plaintiff has presented little evidence of the nature of these alleged comparators' job duties, employment histories, or injuries. See Wise v. Ga.-Pac. Corp., No. 06-1479, 2007 WL 1219400, *5 (D.S.C. April 24, 2007) (observing that in determining whether two parties are "similarly situated," the court must look at all relevant factors). As the Magistrate Judge correctly found, Plaintiff has failed to show that these coworkers were similarly situated, and thus cannot establish a claim for disparate treatment on the basis of race.

*2. Hostile Work Environment*

The Magistrate Judge found that Plaintiff had failed to show that "the alleged actions were based on her race or that they were sufficiently severe or pervasive to alter her conditions of employment and to create an abusive work environment." Report and Recommendation, 20. In order to prevail on a hostile work environment claim, Plaintiff must establish that the offending conduct was (1) unwelcome, (2) based on her race, (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) imputable to her employer. Ocheltree v. Scollon Prod., Inc., 335 F.3d 325, 331 (4th Cir. 2003) (en banc) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

Plaintiff has offered no particular factual objections to the Magistrate Judge's conclusion that she failed to establish a hostile work environment claim. Rather, Plaintiff has responded to the Magistrate Judge's analysis by reiterating arguments made in her Memorandum in Opposition to Summary Judgment and with conclusory and generalized allegations of harassment. The court is not obligated to conduct a de novo review of the Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Though not obligated, the court has thoroughly reviewed the record and applicable law and finds the Magistrate Judge's analysis to be correct. Accordingly, the court adopts the Magistrate Judge's conclusion that Plaintiff has failed to establish a claim for disparate treatment and hostile work environment.[8]

---

[8] Plaintiff's objections regarding pretext are moot because the court finds she failed to make her prima facie case.

*3. Retaliation*

Plaintiff objects to the Magistrate Judge's finding that she failed to show that Defendant retaliated against her for engaging in protected activity when she filed her Charge of Discrimination with SCHAC and the EEOC on January 31, 2005. The court disagrees.

In order to establish a prima facie case of unlawful retaliation, an employee must show "(1) that she engaged in protected activity; (2) that her employer took an adverse employee action against her; and (3) that a causal connection existed between the protected activity and the asserted adverse action." Parker v. Smithfield Packing Co., Inc., No. 06-0468, 2007 WL 983845 at *6 (E.D. Va. March 26, 2007) (quoting Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004)). An employer may defend itself by producing evidence of a legitimate, non-discriminatory reason for taking the adverse employment action. Id. If the employer produces such reasons, the employee must demonstrate that the proffered reasons are pretextual. Munday v. Waste Mgmt. of North America, Inc., 126 F.3d 239, 242 (4th Cir. 1997).

The Magistrate Judge found that Plaintiff failed to establish a causal connection between her filing of the charge and her termination, and that even if she could, Plaintiff had offered no evidence that Defendant's reason for her termination was pretextual. Plaintiff offers only one new argument in her objections to the Magistrate Judge's Report. Plaintiff argues that, "just one month after [Plaintiff] filed a Charge of Discrimination . . . [Defendant] sent her home yet again[,]" by extending her leave. Plaintiff's Objections, 14. Although Plaintiff is not clear, it appears that she is referring to the extension Defendants granted to Plaintiff pending her "fitness-for-duty" evaluation on February 23, 2005. Even assuming that (1) this extension was an adverse action and (2) it was causally connected to Plaintiff's protected activity, Plaintiff's retaliation claim still must fail because

Plaintiff has put forth no evidence indicating that Defendant's proffered reason for this extension was pretextual.

### III. CONCLUSION

For the reasons stated, the court hereby **grants** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                               s/Margaret B. Seymour
                                               Margaret B. Seymour
                                               United States District Judge

September 28, 2007
Columbia, South Carolina